## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLDAN ENERGY SOLUTIONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cv-2187-TC-TJJ** |
| | ) | |
| **MILLIG LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave File Second Amended

Complaint (ECF No. 94). Plaintiff Willdan Energy Solutions seeks leave to amend its complaint

to include additional factual allegations in support of its previously asserted claims for breach of

fiduciary duty, breach of the duty of loyalty, and conspiracy. In addition, Plaintiff seeks to add a

previously unasserted claim of unfair competition under Kansas common law. Defendants

oppose the motion. Upon consideration of the matter, the Court finds the motion should be

granted.

## Factual Background

This is a dispute involving the alleged misappropriation of trade secrets and confidential

and proprietary information from Plaintiff by its former employees, the Individual Defendants.

Plaintiff alleges that before leaving Plaintiff's employ, the Individual Defendants downloaded

files and data containing trade secrets and confidential and proprietary information belonging to

Plaintiff, which the Individual Defendants subsequently used to form Millig LLC and compete

with Plaintiff. In its First Amended Complaint,[1] Plaintiff raises claims alleging misappropriation of trade secrets under the Defend Trade Secrets Act (18 U.S.C. § 1831), K.S.A. 60-3320, and the laws of Oregon, Washington, and Colorado. Plaintiff also asserts a claim under the Computer Fraud and Abuse Act (18 U.S.C. § 1030), as well as claims of breach of fiduciary duty, breach of the duty of loyalty, breach of contract, tortious interference with contractual relations, tortious interference with prospective business relationships, unjust enrichment, and civil conspiracy. Defendant Lauren K. (Donley) Bromley filed a counterclaim against Plaintiff relating to alleged unpaid commissions.[2]

District Judge Toby Crouse entered an Amended Stipulated Preliminary Injunction governing the Individual Defendants' return to Plaintiff of all alleged proprietary and trade secret information, and prohibiting the Individual Defendants from using such information or disclosing it to others.[3] The parties have been actively engaged in rounds of written discovery and are producing documents responsive thereto.

The Scheduling Order[4] set a deadline of August 26, 2021 for the parties to move to amend their pleadings or join additional parties. Plaintiff timely sought and was granted leave to file the First Amended Complaint. Plaintiff asserts that since then, it has uncovered "significant evidence of additional unlawful conduct on the part of Defendants."[5] Specifically, Plaintiff points to information it learned for the first time through documents Millig produced on

---

[1] ECF No. 57. Plaintiff was granted leave to amend its complaint without opposition from Defendants. *See* ECF No. 56.

[2] ECF No. 38.

[3] ECF No. 81.

[4] ECF No. 54.

[5] ECF No. 94 at 1.

November 24 and December 6, 2021, which total around 14,000 pages. According to Plaintiff, the productions reveal that: (1) "several of the Individual Defendants were consulting with, performing work for, or otherwise acting in the interests of Millig while the Individual Defendants were still employed by Willdan and that they were encouraged or otherwise instructed to do so by Millig;" and (2) "Defendants McVey, Bromley, and other Individual Defendants targeted Willdan employees to resign from Willdan and work for Millig for the stated purpose of 'dismantling' Willdan or otherwise causing harm to and unfairly competing with Willdan."[6] This information, along with documents Millig produced that Plaintiff contends confirm and provide additional factual support for claims[7] in the Complaint and First Amended Complaint, form the substance of the further amendment Plaintiff proposes.

Plaintiff asserts it could not have known these facts which previously were in Defendants' exclusive possession, thus explaining why it seeks to add an unfair competition claim after the amendment deadline. Defendants disagree, stating the unfair competition claim "is anything but new," but is "based on the same operative facts underlying the Original Complaint and First Amended Complaint." Defendants do not address the other proposed amendments, which the Court construes as a waiver of opposition.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a

---

[6] *Id*. at 2.

[7] Specifically, Plaintiff seeks to add factual allegations to support its claims for breach of fiduciary duty, breach of the duty of loyalty, and conspiracy. *Id*.

responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[8] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[9] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[10] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[11] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[12]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[13]

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[14] In other words, the court will first determine whether the moving party has established "good cause" within the

---

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[12] *Id*. (quoting *Foman*, 371 U.S. at 182).

[13] Fed. R. Civ. P. 16(b)(4).

[14] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[15]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[16] The lack of prejudice to the nonmovant does not show good cause.[17] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[18]

## Analysis

Plaintiff acknowledges it must first satisfy the good cause requirement of Rule 16 before attempting to demonstrate its entitlement to amendment under Rule 15. With respect to Rule 15, Plaintiff asserts the interests of justice will be served by granting its motion. Defendants make no argument to the contrary: Defendants do not assert they would suffer undue prejudice if the motion is granted, that Plaintiff brings the motion in bad faith, or that amendment is futile.

In addressing the Rule 16 standard, Plaintiff contends good cause exists because its belated knowledge results from Defendants' failure to produce any documents identified in its Rule 26(a) Initial Disclosures or in response to Plaintiff's discovery requests until November 24, 2021. The deadline for the former was August 23, 2021, and Plaintiff served its written discovery

---

[15] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[16] *Id.* at *5.

[17] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[18] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

on Defendants on August 26, 2021. While Defendants do not dispute these dates, they provide additional information to explain the delay in production which includes the parties ultimately having resolved a discovery dispute and a change in ESI vendors at Plaintiff's request.

In addition, Defendants argue Plaintiff has not shown good cause to add a claim for unfair competition because it is not newly discovered, as Plaintiff has known of the claim since March 2021. In support of their argument, Defendants quote the Complaint and First Amended Complaint where Plaintiff alleges Defendants engaged in conduct "in order to unfairly compete against Willdan."[19] That is not news – the original Preliminary Injunction Judge Crouse entered on May 19, 2021 begins by saying Plaintiff filed its complaint against Defendants "for allegedly taking and using Willdan's confidential, proprietary, and trade secrets to form Millig LLC and compete against Willdan."[20] But as Plaintiff explains by detailing some of the newly-discovered information that forms the factual basis of its proposed unfair competition claim, Plaintiff did not know the extent of certain Defendants' actions self-described as trying to dismantle Willdan until Defendants produced documents revealing that conduct.[21]  Indeed, Defendants acknowledge the unfair competition claim is "*partly* premised on conduct it has long known about."[22]

The Court need not wade into the reasons for delayed document production to determine whether Plaintiff has demonstrated good cause for seeking to amend its complaint out of time. However, it is relevant for one reason. Defendants state their "opposition is largely being filed in order for Defendants to respond to some of" the "numerous liberties [the Motion takes] in

---

[19] ECF No. 97 at 5.

[20] ECF No. 27 at 1.

[21] ECF No. 101 at 2.

[22] ECF No. 27 at 5-6.

discussing the status of discovery."[23] But no discovery dispute has been presented to the Court for resolution.[24] Moreover, Defendants' stated motivation is not the purpose of a response to a motion, which is intended to address the merits of the relief sought. Even more troubling, Defendants write that "[h]ad Plaintiff sought to include newly-discovered factual allegations and conferred with Defendants prior to filing the Motion, Plaintiff's attempt at amending might have been unopposed." This Court always favors parties meeting and conferring before seeking judicial intervention, but a party is not required to confer before filing a motion to amend the pleadings. Had Plaintiff been ordered to do so, the Court would be receptive to Defendants' statement. However, where it appears Defendants have filed a response (which in turn required further briefing by Plaintiff and action by the court) out of pique, and where their response is devoid of any argument related to Rule 15, Defendants have not conducted themselves in an exemplary manner.

The Court concludes Plaintiff has established good cause to justify its untimely motion. Plaintiff should be afforded the opportunity to include additional factual allegations in support of its previously asserted claims for breach of fiduciary duty, breach of the duty of loyalty, and conspiracy. Plaintiff should also be allowed to add a previously unasserted claim of unfair competition under Kansas common law. The Court finds justice requires granting Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 94) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b),

---

[23] ECF No. 97 at 6.

[24] At the parties' request, the Court has set a conference to discuss a discovery issue, but no motion is pending.

Plaintiff shall electronically file and serve its Second Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2022 at Kansas City, Kansas.

_____

Teresa J. James
U. S. Magistrate Judge

8